

33 Walt Whitman Road, Ste. 310
Huntington Station, NY 11746
Phone • 631•424•0999
Fax • 631•824•9116
Mconway@ConwayBusinessLaw.com
www.ConwayBusinessLaw.com

Conway Business Law Group, P.C.
*Attorneys At Law*

VIA ECF FILING

May 4, 2010

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014
Courtroom 910

     Re: <u>Fleurimond v. New York University</u>; 09-cv-3739 (ADS) (AKT)

Dear Justice Tomlinson:

  This letter is in response to the defendant's April 27, 2010 opposition to the plaintiff's request to the Court to allow service of the plaintiff's discovery requests beyond the date ordered by the Court on February 1, 2010.

  The crux of Defendant's argument in opposition to Plaintiff's request appears to be defense counsel's idea of what is reasonable as a cause to the oversight in serving Defendant with Plaintiff's discovery requests by the due date of March 8, 2010.[1] Mr. Clarida did not argue in his Opposition that the defendant would, in any way, be prejudiced by the Court's granting of Plaintiff's request. Nor has it been proffered that service of discovery requests upon the defendant within seven weeks of the Court's order would constitute an excessive delay of these proceedings. In fact, before our initial court conference, Mr. Clarida was satisfied to be served with Plaintiff's First Request for Production of Documents by May 21, 2010, as evidenced by the parties' Joint Proposed Scheduling Order.

  Mr. Clarida raises the question of why the calendaring of Plaintiff's time to serve document requests was not performed within 18 days of the Court's February 1st Order. Since there was nothing improper about my office's failure to do so, such an inquiry holds no relevance. It was the failure to serve Plaintiff's discovery requests by March 8, 2010 which is the issue before the Court. It is the undersigned's sincerest belief that this failure was a direct result of the circumstances following February 19th.

During the weeks following February 19th, the normal routines of my office were altered by deferring all non-urgent business to those matters which needed to be addressed immediately. For example, no new clients were retained and all conferences and appearances that could be adjourned were adjourned. The fact that Plaintiff's responses to Defendant's discovery requests were submitted on time demonstrates my office's commitment to keeping this case (and others) moving forward without delay and without excuses. Within a relatively short period of time, Plaintiff also timely opposed Defendant's Motion to Dismiss. Those deadlines were deemed a top priority and met accordingly.

The management of a law office can be a complex and continually fluctuating endeavor with respect to office protocol. Depending on a given week, events are calendared immediately or when time allows. Occasionally, the calendaring of events is overlooked entirely due to human error, particularly when an unexpected workload suddenly arises. It is for this reason that my office performs a periodic review of every client file to ensure that the office's duties are met in a timely fashion. It was during a delayed review of our clients' files that the deadline to serve Plaintiff's requests was discovered.

While Mr. Clarida acknowledges the effort expended in carefully responding to Defendant's request for documents, which included gathering, organizing and serving hundreds of pages of information, he suggests that this effort should have served to remind my office that Plaintiff's requests were due. Perhaps it should have. It did not, however. The reason could be that it was thought that these requests were already served. It could be that a reminder to do so was misplaced. I cannot attest to the specifics of this oversight which occurred during those extremely hectic and difficult weeks. When the error was detected, every effort was made to correct it in the most efficient and amicable manner possible. Counsel are obligated to cooperate with one another and to avoid involving the Court in discovery issues under both the Ethical Rules and Court's Rules.

It is respectfully requested that Your Honor grant Plaintiff's request to obtain from Defendant all relevant materials in its possession upon a finding that the explanation offered in support of this request is reasonable under the circumstances. Plaintiff's First Request for Production of Documents has been prepared in anticipation of the Court's granting of the instant request. As such, Defendant can be served immediately following the Court's decision. Plaintiff's First Request for Interrogatories has not yet been prepared; Plaintiff requests a reasonable period of time to serve Defendant with this discovery request.

Your Honor's patience and careful consideration of this matter is very much appreciated.

Respectfully submitted,

Mona Conway

C.c.   Robert W. Clarida, Esq.
       Cowan, Liebowitz & Latman, P.C.
       *Attorneys for Defendant*

---

[i] Plaintiff's letter motion of April 23, 2010 contained the typographical error of said due date as "April 8, 2010."