

**COWAN LIEBOWITZ LATMAN**

Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Robert Clarida**
(212) 790-9266
rwc@cll.com

December 29, 2010

**VIA ECF**

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014
Courtroom 910

Re: <u>Fleurimond v. New York University; 09-cv-3739 (ADS) (AKT)</u>

Dear Judge Tomlinson

    We represent defendant New York University ("NYU") in the above-captioned matter. We write to set forth NYU's position on various issues raised in plaintiff's letter dated December 9, 2010 ("Plaintiff's Letter"), so that the court will be fully apprised of the disputes to be addressed at the conference the Court has scheduled for January 4, 2011. As an initial matter, NYU respectfully requests that this conference be adjourned until a mutually convenient date during the week of January 10, 2011, or thereafter, to avoid scheduling conflicts and ensure that that the conference will be productive. I have requested the consent of plaintiff's counsel to this request but have not received a reply.

STATUS OF DISCOVERY

    For the sake of clarity and convenience, this letter adopts the same subject headings as are used in Plaintiff's letter. NYU agrees that all discovery demands, and responses thereto, have been timely served, with responses remaining subject to supplementation under the Federal Rules. NYU agrees that Plaintiff's expert report was timely served, and that depositions of Plaintiff and one non-party witness, Nancy Isa, have taken place. Plaintiff and NYU have been unable to schedule the deposition of the other non-party witness, Noah LeFevre, who is located in Rochester, NY, although NYU has offered a number of dates. NYU notes that it has noticed and repeatedly attempted to schedule the deposition of plaintiff's expert witness, but Plaintiff has so far refused to produce that witness for deposition, pending resolution of other issues discussed below. NYU requests that the expert be made available for deposition in a timely manner. NYU notes further that the deposition of NYU's 30(b)(6) witness has not yet occurred, and that

27718/001/1210177.1

Plaintiff has made no attempt to schedule that deposition since the notice date was initially adjourned with consent of this Court on September 10, 2010.

NYU notes that it called for the production of various documents at the deposition of plaintiff, and that such documents have not been produced. To the extent that plaintiff is in possession or control of such documents, NYU renews its request for their production.

## DISPUTED DISCOVERY ISSUES

1. **Defendant's Failure to Produce Documentation Demanded by Plaintiff**

    **a. NYU's Failure to Identify Records Produced**

    **NYU's POSITION**

    Plaintiff misstates NYU's position. NYU remains willing to provide the requested information, and so informed Plaintiff in writing on December 4, 2010 (attached as Exhibit 1, at p. 2) before Plaintiff sent her most recent letter to the Court. NYU is aware of no possible basis for Plaintiff's statement to the contrary.

    NYU also notes that since the parties' July 28, 2010 telephone conference with the Court, Plaintiff failed to raise any of the alleged discovery deficiencies until her letter to me of November 23, 2010, long after the close of fact discovery. It is Plaintiff's responsibility to prosecute this action and seek discovery in a timely manner, which Plaintiff has consistently failed to do. The picture plaintiff seeks to create in this letter is false; NYU has complied with its discovery obligations in this action, while Plaintiff has been dilatory in every respect, including her obligation to bring disputed issues to NYU's attention, and the Court's attention, in a timely manner.

    **b. NYU's Failure to Produce Other Documents**

    **NYU's POSITION**

    Again, Plaintiff has not raised any alleged deficiency in almost six months, since NYU made its production in June, and is only now belatedly seeking additional information and documents long after the close of fact discovery. Even as recently as December 1, 2010, when counsel conferred in good faith by phone, Plaintiff's counsel made no mention of this alleged deficiency. Under this court's July 28, 2010 Amended Case Management and Scheduling Order, section II.f.i., it is the responsibility of parties to raise discovery objections in a timely manner, so that discovery can be completed in accordance with the Court's schedule. Plaintiff has failed to do so and should not now be permitted to re-open discovery at this late date.

27718/001/1210177.1

    **c. Assertion of Privilege and/or Work Product**

**NYU's POSITION**

Plaintiff misstates NYU's position. NYU does not contend that the documents at issue can be "excluded from discovery." NYU simply seeks to protect confidential information, as it has every right to do under the Federal Rules. Again, Plaintiff's November 28 letter was the first time Plaintiff raised any concerns in almost six months, and long after the close of fact discovery. Plaintiff's threat of motion practice, prior to even raising the issue by phone, is regrettable. Plaintiff's request should be denied. Moreover, to the extent the requested documents may even exist, they are clearly confidential and would at the very least require a confidentiality order.

    **d. Assertion of "Confidentiality"**

**NYU's POSITION**

Plaintiff misstates NYU's position. The sequence of dates is important here, because it demonstrates that Plaintiff's failure to obtain timely access to confidential documents is entirely self-inflicted.

In Plaintiff's discovery requests, Plaintiff requested certain information regarding NYU's sales of merchandise bearing the accused design. NYU timely responded to Plaintiff's document requests on June 25, 2010. In response to Request 7 and Request 9, NYU's responses appropriately noted that documents concerning sales information would be produced subject to a suitable confidentiality order.

Following Plaintiff's receipt of NYU's document production, Plaintiff's counsel emailed NYU's counsel regarding the production on July 1. I responded on July 2 by repeating that additional documents were confidential and would be produced subject to a suitable stipulation of confidentiality. In that email, I asked Plaintiff's counsel to provide a draft of such a stipulation, seeking to avoid a lengthy back-and-forth about the terms. See Exhibit 2 below (email exchange between counsel, July 1 and July 2, 2010). From the beginning of July, Plaintiff's counsel therefore understood that (a) the documents were available, and (b) NYU had asked her to draft a stipulation.

After the July 1-2 email exchange, Plaintiff's counsel never provided a draft stipulation, nor did she ask NYU to do so. She simply dropped the subject and never again asked for the documents, or asked NYU to draft the stipulation. Even when the parties had their conference call with Your Honor on July 28, 2010 to discuss scheduling issues including expert discovery, Plaintiff's counsel did not mention the need for the confidential documents or express any reservations about drafting a suitable stipulation.

Notwithstanding the lack of these documents, Plaintiff's counsel apparently retained an expert witness to opine on the issue of damages, and submitted this alleged expert's

3

report on the last day permitted by the scheduling order, October 15, 2010. This alleged expert himself noted, at page 5, note 7 of his report, that he had not had access to any documents regarding actual sales of merchandise bearing the logo in question. His expert report is thus of no probative value and NYU plans to move to strike it under Daubert once plaintiff provides the expert for a deposition, which she has so far refused to do. A copy of the expert report is attached as Exhibit 3.

Upon receiving the Plaintiff's proffered expert report on damages on October 15, 2010, I immediately wrote an email to plaintiff's counsel stating as follows:

> "I have received the attached expert report and look forward to reviewing the hard copy when it arrives. I note upon cursory review that it makes reference to the absence of actual sales information from NYU, and I remind you that since my client's initial production of documents in June I have offered to provide that information subject to a confidentiality order, which you have failed to draft or even discuss. It thus appears that you have obtained an expert report based on purely hypothetical guesswork as to relevant merchandise sales rather than actual numbers, when those numbers have been readily available to you for nearly four months under a suitable confidentiality order. As a result, your expert report is likely to have no probative value. I'm sure even your own expert will readily concede that his damage estimate would be far more accurate if it were based on the small, idiosyncratic actual figures at issue here rather than irrelevant assumptions about NYU's entire licensed-merchandise revenue. Further, you have also failed to provide a settlement demand, as the court directed during our call with the magistrate in early August. Be advised that any settlement demand based on the hypothetical, wildly unrealistic numbers set forth in your present expert report will be unproductive."

In short, Plaintiff chose to ignore her lack of relevant sales information and instead procured and submitted an expert report having no basis in the facts of this case. The relevant information has been available to Plaintiff since June, but she did nothing to obtain it prior to submitting her eleventh-hour expert report. Nor did she revisit the issue in October, after receiving my October 15 email. Plaintiff's Letter claims that she finally raised her objection to drafting the stipulation "in November," neglecting to mention that the parties' first conversation about the issue was on December 1.

She now seeks a do-over, to supplement or replace the inadequate and inadmissible report she has filed. The entire episode is a replay of plaintiff's prior request to this Court (by letter of April 23, 2010) for additional time to serve discovery requests after having missed the deadline to do so by almost seven (7) weeks. That request was granted, over NYU's objections, and Plaintiff's counsel has again failed to observe the Court's deadlines in this case. Through self-inflicted delay, plaintiff has now missed the deadline for filing a probative, admissible expert report by eight (8) weeks and counting.

Under this Court's scheduling order, the plaintiff's present request for additional time to submit an expert report is untimely, and is not based up on a showing of good cause. It should therefore be denied. As to the confidential documents at issue, NYU remains willing to

4

produce its sales information subject to a suitable protective order, which NYU submits for the Court's approval as Exhibit 4 to this letter.[1]  There is nothing in these documents that requires expert analysis, simply some (very small) numbers showing sales, cost of goods, and overhead figures associated with NYU's sales.

2.     **NYU's Objection to Plaintiff's Expert Report**

**NYU's POSITION**

Plaintiff misstates NYU's position. NYU strenuously objects to the methodology employed by Plaintiff's expert and has never given Plaintiff any reason to assert otherwise. NYU also notes that Plaintiff concedes the report was "obtained primarily for purposes of settlement," as if the obvious flaws in the report should be overlooked for that reason. As to the timing of her request, Plaintiff should not be permitted to ignore this court's discovery deadlines and clean up the mess later.  If Plaintiff had ever once suggested to NYU that she did not wish to draft a confidentiality stipulation, NYU would gladly have done so. Indeed, NYU did so within hours of its first conversation with Plaintiff's counsel about the issue, on Dec. 1, 2010.  NYU did not "force" Plaintiff to procure a useless, speculative expert report or "deny" Plaintiff access to any relevant information. NYU offered the information.  Plaintiff chose not to communicate with NYU about a simple discovery task, drafting a stipulation, and now seeks to fault NYU for her own failure to raise the issue in a timely manner.

3.     **Deposition of Plaintiff's Expert**

**NYU's POSITION**

The alleged expert should be made available for deposition immediately, by telephone.  For the reasons set forth above, plaintiff should not be permitted to supplement or replace her defective expert report.  As to scheduling, NYU is entitled to a deposition that will allow sufficient time for consideration of NYU's Daubert motion before trial.

4.     **Deposition of NYU (Officer)**

**NYU's POSITION**

As above, Plaintiff's counsel has not raised this issue in a timely manner, through her own lack of diligence.  Throughout September, October and most of November Plaintiff made no effort to schedule this 30(b)(6) deposition.  Now that discovery has closed, Plaintiff seeks to make up for her prior inattention to the calendar.

---

[1] Plaintiff contends that she would not be able to draft a confidentiality stipulation without knowing the nature of the documents to which it relates. NYU submits that the attached draft protective order is a fair, standard, off-the-rack agreement of the sort routinely adopted and approved in litigations in this District. NYU asks the Court to approve the proposed Order. NYU also reiterates that Plaintiff's unwillingness to agree to NYU's proposed Order is exactly why NYU initially asked Plaintiff to draft the stipulation in early July, when the issue first arose.

5. **Settlement**

**NYU's POSITION**

Again, Plaintiff has flaunted this Court's order, in the July 28 telephone conference, to make a settlement demand. Plaintiff nowhere offers a plausible explanation for her failure to do so, other than the self-inflicted harm of not obtaining damage documents in a timely manner.

NYU looks forward to the conference with this Court on a mutually convenient date and is hopeful that the parties' disputes can be productively resolved at that time.

On behalf of NYU, I thank you for your patience and careful attention to this matter.

Respectfully submitted,

*Robert W. Clarida*
Robert W. Clarida

Cc.   Mona Conway
33 Walt Whitman Road, Suite 310
Huntington Station, NY 11746
*Attorneys for Plaintiff*