Exhibit 1

**EXHIBIT 1**

(Dec. 4, 2010 proposed joint letter)

VIA ECF FILING

December 4, 2010

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014
Courtroom 910

Re: Fleurimond v. New York University; 09-cv-3739 (ADS) (AKT)

Dear Justice Tomlinson:

Counsel for the parties in the above-referenced case have conferred regarding various discovery issues. All discovery demands have been timely served. Plaintiff's deposition and that of one non-party witness (Nancy Isa) have been taken place without issue. However, after making good faith efforts to avoid the Court's intervention, the parties now seek your guidance regarding certain disputes which have arisen at this time. Accordingly, this joint letter proposes a conference with the Court to resolve the following issues.

## 1. Production by Defendant (NYU) of Documentation Demanded by Plaintiff[1]

On July 28, 2010, counsel for the parties attended a telephone conference with Your Honor to establish extended discovery deadlines and to clarify other issues not specifically addressed in the Court's February 1, 2010 Scheduling Order. NYU has not raised any issues or objections to Plaintiff's interrogatory responses or production of documents demanded. The conflicts at issue are addressed herein.

### a. Location and Identity of Records Produced

On July 28, 2010, counsel for NYU, Robert Clarida, agreed to provide Plaintiff's counsel with specifications of documents produced so as to identify and locate the records referenced in

---

[1] The issues raised herein with respect to document production likewise apply to Defendant's responses to Plaintiff's Interrogatories.

1

NYU's responses. Although NYU's counsel has not provided such specification to date, Mr. Clarida has recently agreed once more to provide same shortly.

**DEFENDANT'S POSITION**

Defendant will provide the requested information, but notes that Plaintiff has not timely followed up with further requests. It is Plaintiff's responsibility to prosecute this action and seek discovery in a timely manner, which Plaintiff has consistently failed to do.

### b. NYU's Failure to Produce Other Documents

Plaintiff demanded a myriad of documents from NYU concerning, among other things, Plaintiff's employment at NYU, NYU's work-for-hire defense, and correspondence relating to the events leading up to the instant dispute. NYU stated that it "will" produce such documentation, but has failed to do so as of this date. Plaintiff seeks to have these documents produced in accordance with the Federal and Local Rules.

**DEFENDANT'S POSITION**

Defendant has produced all relevant, non-confidential information in its possession or control. Again, Plaintiff has not noted any alleged deficiency in almost six months, since defendant made its production in June, and is only now belatedly seeking additional information and documents long after the close of fact discovery. Under this court's July 28, 2010 Amended Case Management and Scheduling Order, section II.f.i., it is the responsibility of parties to raise discovery objections in a timely manner, so that discovery can be completed in accordance with the Court's schedule. Plaintiff has failed to do so and should not now be permitted to re-open discovery at this late date.

### c. Assertion of Privilege and/or Work Product

Plaintiff demanded documents from NYU concerning, among other things, written reports of any investigation conducted by NYU regarding Plaintiff's claim of copyright, documents relating to other work-for-hire arrangements by NYU and documents to be used at trial. Without specificity, NYU has refused to produce such documentation, asserting privilege or preclusion as work product.

Plaintiff's position is that NYU must produce all such demanded documentation except those documents legitimately and specifically protected by such privilege. Accordingly, Plaintiff demands that this information be produced forthwith. Unless NYU produces the demanded documentation or moves for a protective order, Plaintiff will be constrained to move the Court under Rule 37.

**DEFENDANT'S POSITION**

Again, this is the first time Plaintiff has raised any concerns in almost six months, and long after the close of fact discovery. Plaintiff's request should be denied.

2

### d. Assertion of "Confidentiality"

NYU has asserted that documentation relating to the use and sale of items bearing the subject work will only be produced pursuant to a confidentiality agreement. NYU did not specify the documentation at issue. On October 14, 2010, Mr. Clarida suggested that Plaintiff's counsel should draft such an agreement. In response to my November 23rd letter to Mr. Clarida, attempting to resolve this issue, defense counsel drafted and forwarded a confidentiality agreement on December 1, 2010.

Plaintiff's position is that the issue of NYU's use of the Work is not only critical to establishing damages in this case, but such information is necessary to the analysis of a complete expert's report. This information is clearly relevant and not protected by privilege or court order. Although NYU's proposed confidentiality stipulation was considered, it is not in Plaintiff's interest to agree to the overbroad and non-specific terms of such an agreement. Accordingly, Plaintiff demands that this information be produced forthwith. Unless NYU produces the demanded documentation or moves for a protective order, Plaintiff will be constrained to move the Court under Rule 37.

### DEFENDANT'S POSITION

In plaintiff's discovery requests, plaintiff requested certain information regarding NYU's sales of merchandise bearing the accused design. NYU timely responded to plaintiff's document requests on June 25, 2010, In response to Request 7 and Request 9, NYU's responses appropriately noted that documents concerning sales information would be produced subject to a suitable confidentiality order.

Following plaintiff's receipt of NYU's document production, plaintiff's counsel emailed me regarding the production on July 1. I responded on July 2 by repeating that additional documents were confidential and would be produced subject to a suitable stipulation of confidentiality. In that email, I asked plaintiff's counsel to provide a draft of such a stipulation, seeking to avoid a lengthy back-and-forth about the terms. See Exhibit 1 below (email exchange between counsel, July 1 and July 2, 2010). Plaintiff's counsel is incorrect in asserting or suggesting that Defendant first suggested that Plaintiff draft the stipulation on October 14.

After the July 1-2 email exchange, plaintiff's counsel neither provided a draft stipulation, nor asked NYU to do so. She simply dropped the subject and never again asked for the documents, or asked NYU to draft the stipulation. Even when the parties had their conference call with Your Honor on July 28, 2010 to discuss scheduling issues including expert discovery, plaintiff's counsel did not mention the need for the confidential documents.

Notwithstanding the lack of these documents, which are highly material to the issue of alleged damages, plaintiff's counsel apparently retained an expert witness to opine on the issue of damages, and submitted this alleged expert's report on the last day permitted by the scheduling order, October 15, 2010. This alleged expert himself noted, at page 5, note 7 of his report, that he had not had access to any documents regarding actual sales of merchandise bearing the logo in question. His expert report is thus of no probative value and NYU plans to move to strike it under Daubert once plaintiff provides the expert for a deposition.

Upon receiving the plaintiff's proffered expert report on damages, I immediately wrote an email to plaintiff's counsel stating as follows:

"I have received the attached expert report and look forward to reviewing the hard copy when it arrives. I note upon cursory review that it makes reference to the absence of actual sales information from NYU, and I remind you that since my client's initial production of documents in June I have offered to provide that information subject to a confidentiality order, which you have failed to draft or even discuss. It thus appears that you have obtained an expert report based on purely hypothetical guesswork as to relevant merchandise sales rather than actual numbers, when those numbers have been readily available to you for nearly four months under a suitable confidentiality order. As a result, your expert report is likely to have no probative value. I'm sure even your own expert will readily concede that his damage estimate would be far more accurate if it were based on the small, idiosyncratic actual figures at issue here rather than irrelevant assumptions about NYU's entire licensed-merchandise revenue. Further, you have also failed to provide a settlement demand, as the court directed during our call with the magistrate in early August. Be advised that any settlement demand based on the hypothetical, wildly unrealistic numbers set forth in your present expert report will be unproductive."

In short, plaintiff chose to ignore her lack of relevant sales information and instead procured and submitted an expert report having no basis in the facts of this case. The relevant information has been available to plaintiff since June, but she did nothing to obtain it prior to submitting her eleventh-hour expert report. She now seeks a do-over, to supplement or replace the inadequate and inadmissible report she has filed. The entire episode is a replay of plaintiff's prior request to this Court (by letter of April 23, 2010) for additional time to serve discovery requests after having missed the deadline to do so by almost seven (7) weeks. That request was granted, over NYU's objections, and Plaintiff's counsel has again failed to observe the Court's deadlines in this case. Through self-inflicted delay, plaintiff has now missed the deadline for filing a probative, admissible expert report by seven (7) weeks and counting.

Under this Court's February 1, 2010 scheduling order, the plaintiff's present request for additional time to submit an expert report is untimely, and is not based up on a showing of good cause. It should therefore be denied.

### 2. <u>NYU's Objection to Plaintiff's Expert Report</u>

Plaintiff's Expert Report was timely served upon NYU on October 15, 2010. NYU's position is that this Report is too speculative to have any probative value and has expressed the intent to bring a *Daubert* motion to preclude the admissibility of Plaintiff's Expert Report.

Plaintiff's position is that NYU's failure to produce critical financial information forced Plaintiff's expert to use only that information publically available by the October 15, 2010 deadline under the Court's Scheduling Order. Plaintiff asserts that NYU cannot have it both ways; it cannot deny Plaintiff information and subsequently criticize Plaintiff's expert for his failure to use it.

**DEFENDANT'S POSITION**

4

27718/001/1209446.1

See above; Plaintiff should not be permitted to ignore this court's discovery deadlines and clean up the mess later. If Plaintiff had ever once suggested to NYU that she did not wish to draft a confidentiality stipulation, NYU would gladly have done so.

### 3. Deposition of Plaintiff's Expert

NYU has noticed the deposition testimony of Plaintiff's expert. After additional consideration, Defendant agreed to take Plaintiff's expert deposition testimony by telephone, as opposed to the originally-designated place of defense counsel's office.

In a letter dated November 23, 2010, Mr. Clarida was advised by Plaintiff's counsel that NYU would likely have to re-notice the expert deposition after NYU produced the demanded financial documentation and Plaintiff's expert had an opportunity to draft a revised report based on that information.

Plaintiff has no objections to holding the deposition of Plaintiff's expert, at NYU's expense, at any time that is convenient for all involved. However, the scheduling of Plaintiff's expert testimony may be contingent upon whether or not NYU will move to strike the expert's report.

**DEFENDANT'S POSITION**

### 4. Deposition of NYU (Officer)

Plaintiff gave timely notice in August to take the deposition testimony of an officer or representative of NYU. NYU's counsel notified Plaintiff's counsel that NYU was in the process of designating a deponent for such purpose. Subsequently, Plaintiff's counsel was informed that NYU's designated individual was ill. Thereafter, Plaintiff's counsel requested a response to said Notice; however, NYU has yet to respond by attempting to schedule such a deposition.

Therefore, no arrangements have been made between the parties regarding the deposition of NYU to date.

**DEFENDANT'S POSITION**

### 5. Settlement

Plaintiff's settlement demand would be based upon Plaintiff's expert's findings with respect to damages. Upon receiving Plaintiff's expert's report, Mr. Clarida asserted that any settlement demand by Plaintiff based on this report would be "unproductive." As such, Plaintiff has withheld her demand until such time as NYU might be receptive to receiving it, based on the findings of a qualified expert analysis.

Counsel for the parties have had no meaningful settlement discussions to date.

**DEFENDANT'S POSITION**

5

The parties are available for a telephone conference on the following dates before 1:00 p.m. (Mr. Clarida will be in California from 12/6/10 - 12/10/10): December 6th, 7th, and 9th, and thereafter, at the Court's convenience.

On behalf of myself of Mr. Clarida, we thank you for your patience and careful attention to this matter.

Respectfully submitted,


Mona Conway

C.c.   Robert W. Clarida, Esq.
       Cowan, Liebowitz & Latman, P.C.
       *Attorneys for Defendant*

27718/001/1209446.1