Exhibit 4

**EXHIBIT 4**

(Proposed confidentiality order)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARIEL FLEURIMOND,

                Plaintiff,  : 09-3739 (ADS)(AKT)

    vs.

NEW YORK UNIVERSITY,

                Defendant.
------------------------------------------------------------------x

## CONFIDENTIALITY STIPULATION AND ORDER

WHEREAS, plaintiff in this action is Ariel Fleurimond, and plaintiff is represented by undersigned counsel of record (all of the above collectively hereinafter referred to as "Fleurimond"); and

WHEREAS, defendant in this action is New York University, and defendant is represented by undersigned counsel of record (all of the above hereinafter collectively referred to as "NYU"); and

WHEREAS, Fleurimond and NYU (collectively, the "Parties") have served or will forthwith serve requests for documents upon each other, and such requests seek documents which may contain confidential information; and

WHEREAS, the Parties are willing to make available certain materials, documents and information, subject to the conditions contained in this Confidentiality Stipulation and Order; and

27718/001/1210177.1

NOW THEREFORE, Fleurimond and NYU, through their respective counsel, agree as follows:

1. "Confidential Information" as applied to documents or information that may be produced or disclosed by the Parties, shall consist of all documents and information which contain personnel or healthcare information, trade secrets, other confidential research, proprietary, development, financial, tax or commercial information, information made confidential pursuant to federal or state statute or regulation, or other information made confidential by law which the Parties or their attorneys mark as "Confidential." In addition, all copies of "Confidential" material and data and information obtained, derived or generated from "Confidential Information" shall be considered and defined as "Confidential Information." The Parties each reserve the right to challenge a confidential designation of any document or material. Any documents or material as to which a confidentiality designation is disputed shall be subject to the terms of this Confidentiality Stipulation and Order pending an order of the Court on an application to the Court challenging such designation.

2. Documents available to the general public, including but not limited to through the Freedom of Information Act or otherwise lawfully independently obtained by the Parties, shall not be deemed confidential nor subject to this Confidentiality Stipulation and Order. In the event of a dispute as to whether a document is available through the Freedom of Information Act, the issue will be resolved by the Parties' making an appropriate request for the release of such documents.

3. Nothing contained herein shall constitute a waiver of any grounds for objecting to requests for discovery, nor shall the consent of the Parties to the terms of this Confidentiality Stipulation and Order be deemed an admission or acknowledgement with respect

27718/001/1210177.1

to the relevance, competence, or admissibility in evidence of any protected information, qualified or otherwise, as to any issue in the action.

4. The Parties' disclosure of Confidential Information during the course of discovery in this action shall be restricted solely to the following persons:

    A. The Parties, the Parties' in-house and outside attorney(s) and clerical personnel and paralegals employed by said attorney(s) in the ordinary course of assisting said attorney(s) in the litigation of this action;

    B. Experts within the scope of paragraph 8 below;

    C. Witnesses testifying in this action either in discovery or at trial;

    D. The Court before which this case is pending; and

    E. Any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this case.

5. Confidential Information deemed to be sufficiently sensitive to limit access to such information to counsel of record shall be designated "Confidential – Attorneys Eyes Only." Confidential Information designated "Confidential – Attorneys Eyes Only" may be shown, or its contents disclosed, to the following persons and the following persons only:

    A. The Parties' in-house and outside attorney(s) and clerical personnel and paralegals employed by said attorney(s) in the ordinary course of assisting said attorney(s) in the litigation of this action;

    B. Experts within the scope of paragraph 8 below;

    C. The Court before which this case is pending; and

    D. Any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

6. All documents and materials tendered for inspection shall be treated as Confidential Information from the time of their tender. Other documents and materials which contain Confidential Information and are covered by this Confidentiality Stipulation and Order shall be marked "Confidential" by the producing Party before copies are delivered. Marking

27718/001/1210177.1

"Confidential" or "Confidential – Attorneys Eyes Only" on the first page or cover of a multi-page document shall designate the entire document as Confidential Information. As to deposition testimony, such designation may be made on the record or may be made in a writing sent to all other counsel no later than 21 days following the receipt of the transcript of such testimony. Any transcript of deposition testimony designated as "Confidential Information" shall be marked as such after designation. In the event that a Party inadvertently fails to designate material as "Confidential" or "Confidential – Attorneys Eyes Only" in this action, it may make such designation subsequently by notifying opposing counsel in writing as soon as practicable. After receipt of such notification, the Party receiving such writing will treat the designated information as provided hereunder, subject to the right to dispute such designation in accordance with Paragraph 1 hereof.

7. If any Party wishes to produce to the Court during this action any document that previously has been designated as "Confidential -- Attorney's Eyes Only," or any pleadings or memoranda purporting to reproduce or paraphrase such Information, it shall submit an application under seal. Where such application is made in conjunction with a motion, the motion and the application shall be deemed timely if both are submitted by the motion's due date whether or not the Court subsequently grants or denies the sealing application.

8. All documents, testimony and other information or materials containing Confidential Information, including duplicates, notes, memoranda and other documents referring in whole or in part to the Confidential Information, shall be maintained in strictest confidence by the Parties. Nothing contained in this Confidentiality Stipulation and Order shall prohibit any Party from delivering copies of documents which are "Confidential" to experts retained by them, whether consulting or to testify at trial, provided that such experts shall be advised in advance

27718/001/1210177.1

that such documents are "Confidential," that such experts agree to hold such documents in confidence in accordance with the terms of this Confidentiality Stipulation and Order, and that such experts have signified their agreement to the terms of this Confidentiality Stipulation and Order by execution of the Affidavit substantially in the form as is annexed as Exhibit A hereto. No Confidential Information may be disclosed to such experts until the expert has executed and delivered the Exhibit A agreement to the Party retaining the expert. Copies of Exhibit A agreements signed by experts need not be sent to counsel for the opposing Party until the designation of such experts as testifying experts.

9. Confidential material, or data and information obtained, derived or generated from Confidential Information shall be used solely for the purpose of this action, and shall not be used for any business or competitive purpose. All Parties reserve the right to apply to the Court for any orders that may be necessary at or before the time of trial to insure the confidentiality of Confidential Information, including, without limitation, arranging to limit public disclosure through the CM/ECF electronic court filing system.

10. All Confidential Information shall be maintained by each Party in such a manner as to clearly indicate that the files contain Confidential Information, and that access is limited to those who are authorized to review such Confidential Information pursuant to paragraph 4 hereof.

11. Disclosure of Confidential Information other than in accordance with the terms of this Confidentiality Stipulation and Order may subject the disclosing Party to such sanctions and remedies as the Court may deem appropriate.

12. Nothing contained herein shall prevent any Party from using any information or documents obtained by production (including as part of a motion or as an exhibit)

27718/001/1210177.1

in this case that was not designated as Confidential Information without complying with the terms of this Confidentiality Stipulation and Order, unless counsel for the Party using the information or documents is advised that the information or documents were produced inadvertently without being designated confidential and further that the producing Party deems the information or documents confidential, subject to its reservation of the right to apply to the Court for an order designating any such document or information as Confidential or "Confidential – Attorneys Eyes Only" under this Confidentiality Stipulation and Order. Pending determination of such application, the other Party agrees to treat the documents or information as "Confidential" or "Confidential – Attorneys Eyes Only," as designated by the producing Party.

13. Upon final termination of this action, the Parties, their counsel, experts and other persons subject to the terms hereof, shall destroy all materials and documents received form the other Party containing Confidential Information and all copies, summaries and abstracts thereof, and destroy all other materials, memoranda or documents embodying data concerning said materials and documents containing Confidential Information, provided, however, that attorneys shall be permitted to keep intact and maintain the work product as a part of their files.

14. In the event that a Party receives a subpoena for documents produced by another Party and subject to this Confidentiality Stipulation and Order, the Party receiving the subpoena shall, prior to producing any document and within three business days of receiving the subpoena, notify the producing Party of the subpoena and fax or e-mail a copy of the subpoena to the producing Party.

15. Counsel of record in this action shall make a good faith effort to comply with the provisions of this Confidentiality Stipulation and Order and to ensure that their client(s)

and experts do so. In the event of change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Confidentiality Stipulation and Order.

16. The terms of this Confidentiality Stipulation and Order shall survive and remain in effect after the termination of this action. The Parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Information, through inadvertence or otherwise, after the conclusion of this action.

17. This Confidentiality Stipulation and Order may be signed by facsimile transmission and in counterparts.

Dated: New York, New York
       December ___, 2010

CONWAY BUSINESS LAW GROUP, P.C.

By: _____
    Mona Conway, Esq.
    33 Walt Whitman Road, Suite 310
    Huntington Station, NY 11746
    (631) 424-0999
    *Attorneys for Plaintiff*

COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____
    Robert W. Clarida (RC 2490)
    1133 Avenue of the Americas
    New York, New York 10036
    (212) 790-9200
    *Attorneys for Defendants*

So ordered:

_____
A. Kathleen Tomlinson, U.S.M.J.

27718/001/1210177.1

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ARIEL FLEURIMOND,                             :
                                              :
            Plaintiff,                        : 09-3739 (ADS)(AKT)
                                              :
    vs.                                       :
                                              :
NEW YORK UNIVERSITY,                          :
                                              :
            Defendant.                        :
------------------------------------------------------------------x

(a)   I, _____, hereby acknowledge that I have received a copy of the Confidentiality Stipulation and Order in the above entitled action on _____, 2010. I hereby acknowledge that I am to receive or obtain access to certain documents and information which may contain or constitute Confidential Information and/or trade secrets all as is more particularly described in the Confidentiality Stipulation and Order (the "Documents").

(b)   I agree to be bound by the Confidentiality Stipulation and Order and understand that any copies of the Documents or any notes or records that I have in my possession shall be returned to the attorney or other person furnishing it, or shall be destroyed at the conclusion of this action.

(c)   I further agree to and do hereby submit myself to the jurisdiction of the captioned Court in all matters concerning enforcement or alleged violation of the Confidentiality

27718/001/1210177.1

Stipulation and Order.  For this purpose I may be served and will hereby accept service by certified mail, return receipt requested, at the following address:

_____
[Name]

_____
[Business Entity]

_____
[Address]

_____
[Signature]

Sworn to and subscribed to
before me this ____ day of
_____, 20__


_____
NOTARY PUBLIC

27718/001/1210177.1