| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

BEFORE:  A. KATHLEEN TOMLINSON          DATE:   1/18/11
         U.S. MAGISTRATE JUDGE           TIME:   4:00 PM

*Fleurimond -v- New York University*, **CV 09-3739 (ADS) (AKT)**

TYPE OF CONFERENCE:     **STATUS CONFERENCE**

APPEARANCES:    Plaintiff      Mona R. Conway

                Defendant      Robert W. Clarida


SCHEDULING:

   A Second and Final Amended Case Management and Scheduling Order is being entered separately.

THE FOLLOWING RULINGS WERE MADE:

1.   Today's conference was scheduled to deal with issues raised in the December 9, 2010 letter from plaintiff's counsel [DE 26] and defendant's response [DE 27]. The correspondence from counsel involves some outstanding discovery disputes which should have been addressed many months ago given the extended deadline of September 17, 2010 for fact discovery. I pointed out to counsel the directives in the Initial Conference Order [DE 9] and the Amended Case Management and Scheduling Order [DE 24] stating clearly that any amendments, modifications or extensions to the Case Management and Scheduling Order must be approved in advance by the Court and that such requests had to be made by letter motion in advance of the expiration date. Neither side here requested an extension of the discovery deadline and both sides failed to address with the Court their ongoing disagreements until some 90 days after fact discovery closed. After repeated inquiry about the failure to comply with the Court's deadlines, and after receiving a series of excuses rather than reasons, I find that neither side has established "good cause" to extend the discovery deadline. Notwithstanding that fact, and in order to avoid prejudice to the parties themselves, I have issued a number of rulings which are set forth below.

2.   For reasons which the Court finds unsatisfactory, counsel had not entered into a Stipulation and Order of Confidentiality prior to today's conference. After significant time was expended, the parties reviewed the proposed Order in the courtroom and we worked out a final document which counsel executed and I "so ordered." See DE 34. Defendant's counsel shall produce to plaintiff by January 24, 2011 the confidential documents which have been withheld pending this agreement. Defendant's counsel confirmed that no documents are being withheld on the grounds of privilege.

3.   Defendant shall produce its Rule 30(b)(6) witness or deposition no later than February 11, 2011. However, as a pre-requisite to that deposition, plaintiff's counsel is directed to provide defendant's counsel no later than January 24 with a list of the specific topics on which counsel intends to inquire. Plaintiff's counsel seems to believe that she previously sent the list of topics. If she has, she is directed to send a duplicate to defendant's counsel. If she has not previously

|     | done so, then plaintiff's counsel is to formulate a list of topics and serve upon defendant's counsel by January 24. |
| --- | --- |
| 4.  | The deposition of non-party witness Noah LeFevre is to be completed by February 11, 2011 or that deposition is waived. Counsel are ordered to work cooperatively to arrange that deposition. |
| 5.  | For the reasons stated in the record today, I am permitting plaintiff to amend her expert report. The amended report must be served on defendant's counsel no later than February 24, 2011. Defendant's rebuttal expert report and all expert disclosures required under Rule 26 must be served on plaintiff's counsel by March 30, 2011. Expert depositions, if any, must be completed by April 14, 2011. As I stated today, these deadlines will not be extended under any circumstances. |
| 6.  | Defendant's counsel shall provide plaintiffs counsel with supplemental information matching up (by Bates number or the equivalent) the specific documents produced to date with the respective individual document demand made by the plaintiff. |
| 7.  | Defendant's counsel brought up the issue of potential mediation or a settlement conference in this case. I have directed counsel for both sides to discuss this issue with their clients and with each other and to notify the court by the close of business on January 24, 2011 whether the parties in good faith wish to pursue mediation or a settlement conference. |

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge