

Conway Business
Law Group, P.C.

*Attorneys At Law*

33 Walt Whitman Road, Ste. 310
Huntington Station, NY 11746
Phone - 631-424-0999
Fax - 631-824-9116
Mconway@ConwayBusinessLaw.com
www.ConwayBusinessLaw.com

VIA ECF FILING

February 19, 2011

Honorable Arthur D. Spatt
United States District Court Judge
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014
Courtroom 1020

Re: <u>Fleurimond v. New York University</u>; 09-cv-3739 (ADS) (AKT)

Dear Honorable Spatt:

    Please accept this correspondence as Plaintiff's request for the Court to revisit and revise its decision granting a four-day extension of time for Plaintiff to serve and file her Motion for Summary Judgment in the above-titled matter. Plaintiff respectfully requests that Your Honor consider the facts and arguments below and allow Plaintiff to file her Motion after the close of discovery in this matter.

    Pursuant to a briefing schedule set on January 31, 2011 during a pre-motion conference with Your Honor, Plaintiff was to file and serve her Motion for Summary Judgment by February 21, 2011. On February 16, 2011, Plaintiff's counsel submitted a letter to Your Honor's attention, requesting an extension of time for Plaintiff to serve her Motion for Summary Judgment after certain discovery documents were due to be produced. The Court responded by facsimile, granting a four-day extension of time for Plaintiff to serve and file her Motion. (*See* Plaintiff's 2/16/11 Letter with Court's Order indicated thereon, annexed hereto as Exhibit A). The Court did not, however, modify the entire briefing schedule for said Motion. For the reasons set forth below, Plaintiff submits that the extension of time granted by the Court is insufficient to allow the parties to use materials yet to be produced in discovery in support of their respective claims and defenses. As such, unnecessary motion practice is likely to ensue under the Court's current mandates.

    The Court is respectfully advised that discovery in this matter is not yet complete. (*See* Justice Tomlinson's February 17, 2011 Third and Final Scheduling Order, annexed hereto as Exhibit B). Defendant is required to submit an affidavit regarding the completeness of document production by February 22, 2011. (*See* February 9, 2011 Order, annexed hereto as Exhibit C).

1

Thereafter, Plaintiff's expert must amend his October 14, 2010 Report to employ any newly produced documents by the defendant by March 14, 2011. (*See* Exh. B). Defendant's rebuttal report is due April 18th and expert depositions must be completed by May 2nd. The information relative to these reports and testimony will serve to support the parties' respective positions on summary judgment.

Further, Defendant has refused, without valid cause, to produce all documentation relating to the defendant's revenue with respect to its use of the subject copyright. (*See* February 7, 2011 Clarida Letter to Court, p. 2, annexed hereto as Exhibit D). This information, which is exclusively in Defendant's possession, is germane to Plaintiff's measure of damages and to Defendant's defense thereof. Defendant's claim that such information is not discoverable is legally incorrect at best and obstructive at worst. Although it has been explained to defense counsel that such refusal is legally unfounded, Plaintiff may be constrained to bring a motion before the Court to compel production of demanded documentation. (*See* February 18, 2011 Conway Letter, annexed hereto as Exhibit E). Defendant's conduct has created undue delays to the discovery process and, with regard to the instant issue before the Court, has prejudiced the plaintiff's rights of relief.

Under the Federal Rules of Civil Procedure, parties have a right to seek summary judgment "30 days after the close of all discovery" unless the Court orders otherwise, as it did here. (*See* F.R.C.P. 56 [b]). "Summary judgment may not be granted unless the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Wilson v. Northwestern Mut. Ins. Co.*, 625 F.3d 54, 60 (2nd Cir. 2010) (*internal quotations omitted*).

Only certain narrowly defined issues can be dispositively determined without the benefit of discovery. *See Peter F. Gaito Arre v. Simone Development*, 602 F.3d 57, 65 (2nd Cir. 2010) (stating that certain copyright issues cannot be addressed without the aid of discovery or expert testimony); *see also Levitt v. Bear Stearns & Co., Inc.*, 340 F.3d 94, 104 (2nd Cir. 2003) (dismissal of claim vacated because discovery should have been permitted on material issues); *see alsoMcCrary v. County of Nassau*, 493 F. Supp.2d 581, 589 (E.D.N.Y. 2007) and *Banks v. Correctional Services Corp.* (E.D.N.Y. 2007) 475 F. Supp.2d 189, 198 (certain dispositive issues are appropriately addressed on motion for summary judgment after the close of discovery).

It is well-settled that "the discovery process is designed to provide whatever additional sharpening of the issues is necessary." *George C. Frey Ready-Mixed Con. v. Pine Hill*, 554 F.2d 551, 554 (2nd Cir. 1977). Yet, where, as here, there is inadequate opportunity for discovery, the Court's consideration of a summary judgment motion is premature. *See Id.* at 555 (holding that "a motion for summary judgment should not be entertained before discovery has been completed in antitrust cases in which the relevant facts are disputed and intent to injure is an issue").

Plaintiff's position is that Defendant is stonewalling discovery and that mandating service of Plaintiff's Motion for Summary Judgment without the benefit of receiving certain critical documentation relative to Plaintiff's copyright claim will have the duel effect of condoning Defendant's misconduct and prejudicing Plaintiff's rights to relief.

2

Because "one of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses" (*Celotex Corp. v. Catrett*, 477, U.S. 317, 323 [1986]), Plaintiff posits that allowing until the end of discovery for dispositive motion practice will be consistent with interests of judicial economy. In determining an appropriate deadline date, the Court is asked to weigh the inevitable prejudice to Plaintiff against the lack of prejudice to Defendant, whose actions created the instant circumstances. Plaintiff respectfully submits that an extension of time for Plaintiff to submit her summary judgment motion up to and including May 6, 2011 is warranted to ensure that discovery is complete before burdening the Court with motion practice.

For the foregoing reasons, Plaintiff respectfully requests that the Court allow for an extension of time for Plaintiff to serve her Motion for Summary Judgment until after the close of discovery in this matter.

Respectfully submitted,

Mona Conway

Cc.   Robert W. Clarida, Esq.

---

*Handwritten order:*

In light of amended case management and Scheduling order of February 17, 2011, the Plaintiff's application for an extension of time to move for Summary Judgment is granted. The new briefing schedule is as follows:

Plaintiff's Moving Brief: May 6, 2011
Defendant's Opposition: May 26, 2011
Plaintiff's Reply: June 6, 2011

Arthur D. Spatt, U.S.D.J.   2/22/11

3