

33 Walt Whitman Road, Ste. 310
Huntington Station, NY 11746
Phone • 631•424•0999
Fax • 631•824•9116
Mconway@ConwayBusinessLaw.com
www.ConwayBusinessLaw.com

VIA ECF FILING

February 28, 2011

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014
Courtroom 910

Re: <u>Fleurimond v. New York University</u>; 09-cv-3739 (ADS) (AKT)

Dear Justice Tomlinson:

On behalf of the plaintiff in the above-titled matter, I write to respectfully request that the Court impose Federal Rule of Civil Procedure 37 sanctions against the defendant in this action for its failure and refusal to produce discovery in compliance with the Federal Rules and Your Honor's Court Orders. As described below, the defendant has repeatedly frustrated the plaintiff's efforts to obtain discovery documents, ignoring Court-imposed deadlines and forcing the plaintiff to seek Court intervention on several occasions.

**Relevant Procedural History**

On May 13, 2010, Plaintiff served interrogatories (*see* **Exhibit A**) and document requests (*see* **Exhibit B**) upon Defendant. On June 25, 2010, Defendant served a partial response to Plaintiff's May 13, 2010 discovery demands. (*See* **Exhibit C**). After attempts by Plaintiff's counsel to obtain complete production from Defendant failed, a Court conference was requested by Plaintiff's counsel. DE 26. The requested conference was held on January 18, 2011 and resulted in a so-ordered Confidentiality Stipulation (DE 34) and Second Scheduling Order (DE 36). All of Defendant's objections to Plaintiff's demands were heard during the January 18th conference. Pursuant to the January 18th Order, Defendant was directed to produce documents, which had previously been refused due to issues of confidentiality, by January 24, 2011. DE 35, DE 36.

On January 24, 2011, Plaintiff served her FRCP 30(b)(6) Notice upon Defendant, which specified the topics of inquiry as: "the creation of the subject Work that is the basis of the lawsuit, the Defendant's use of the subject Work, and the Defendant's defenses in this matter." **Exhibit D**. On January 24, 2011, Defendant served a very limited amount of documentation upon Plaintiff, relating only to certain merchandise sales of the defendant's retail store. The deficiencies of Defendant's production were outlined in a letter to Defendant's counsel on January 29, 2011 and brought to the Court's attention by Plaintiff in a letter dated February 2, 2011. DE 38. On February 9, 2011, the Court ordered Defendant to attest to its claims that

1

"NYU has produced all responsive documents" and that no other documentation exists (DE 41). DE 42.

On February 10, 2011, the deposition of Defendant's 30(b)(6) was held. *See* **Exhibit E**. The witness testified that he was not prepared to give testimony as to the topics specified in Plaintiff' January 24th Notice. *See* Exh. E, transc. pages 11, 15-17. On February 15, 2011, the undersigned wrote to Defendant's counsel, raising the issue of a constructive "non-appearance" by the defendant and requesting that counsel affirm that no other 30(b)(6) witnesses could appear on Defendant's behalf to give testimony as to the topics specified in Plaintiff's January 24th Notice. *See* **Exhibit F**. There has been no response to this correspondence from Defendant's counsel to date. On February 22, 2011, Defendant filed two affidavits (DE 50 and DE 51), which contradict Defendant's testimony (*see* Exh. E) and refusal to produce certain documentation (DE 41).

### **Good Faith Efforts**

The procedural history above demonstrates some of Plaintiff's good faith efforts pursuant to Local Rule 26.5 and 37.2 (*see* DE 38). Plaintiff's counsel further endeavored to resolve the remaining discovery issues with Defendant's counsel during a lengthy, in-person conversation on February 10, 2011, by letter dated February 15, 2011 (*see* Exh. F) and by letter dated February 18, 2011 (*see* **Exhibit G**) to which there has been no reply by Defendant's counsel.

### **Defendant's Recalcitrance**

Defendant has failed or refused to produce documentation specifically relating to (1) Plaintiff's employment history; and (2) Defendant's Athletic Department revenues. Because Defendant raises a "work-made-for-hire" affirmative defense in the instant action, Plaintiff demanded the plaintiff's employment records at New York University (NYU) which might indicate exactly how and what Plaintiff was paid to do as an employee. Accordingly, Plaintiff requested, among other documents: "the complete contents of Plaintiff's employment file at NYU" (exh. A, ¶ 1); "[a]ll documentation evidencing NYU's allegation that [the Subject Work] was a work-for-hire …" (exh. A, ¶ 12; *see also* Exh. B, No. 18); and "[a]ll documents which you intend to use in defense of this action that have not already been requested herein" (Exh. A, ¶ 19). Defendant produced a single document in response to these requests, namely, a W-2 form. NYU has not produced Plaintiff's time sheets, which are likely to indicate how and what Plaintiff was paid to do while employed at NYU. *See* Exh. E, transc. pages 65-68, 83-97, 103-04 (defendant testified that NYU has "time sheet" records of plaintiff's employment kept in the ordinary course of NYU's business).

With respect to NYU's Athletic Department revenues, Defendant has simply refused to produce this information without good cause. Because Plaintiff's damages are calculated in part on the non-merchandise revenues of NYU's Athletic Department, Plaintiff requested: "[a]ll documentation concerning NYU's use of [the Subject Work] to promote its athletic department …" (Exh. A, ¶ 9); that Defendant "[i]dentify every publication, as defined by the Copyright Act, by NYU using [the Subject Work] …" (Exh. B, No. 12); and that Defendant "[d]escribe in detail the gross revenues relating to the sale of publication of [the Subject Work], as well as projected gross revenues for publication to be issued" (Exh. B, No. 15). Defendant's purported excuses for not producing such information are that Plaintiff did not make such requests and that such requests are "improper." *See* DE 41. The baselessness of Defendant's refusal to comply with Plaintiff's demands, as directed by the Court's Order (DE 35, ¶2), was addressed in a letter to

2

Defendant's counsel on February 18, 2011 in a final attempt to obtain the demanded documentation from Defendant (*see* Exh. G).  *See Southern New England Telephone v. Global Naps*, 624 F.3d 123, 148 (2nd Cir. 2010) (sanctions imposed upon finding that "defendants failed to provide a good-faith explanation for their neglect in producing financial documents that clearly were the subject of the court's discovery orders").  In addition, all four witnesses in this case have testified that a "branding book" (also known as a "Styles Guide"), wherein the subject copyright is omnipresent, is used by NYU to promote its Athletic Department.  *See, e.g.*, Exh. E, transc. pages 121-26.  Yet, Defendant has failed to produce a copy of this document, which the defendant testified was given to defense counsel.  *See* Exh. E, transc. pages 124-26.

       The record clearly indicates that Defendant's conduct shows a pattern of "prolonged and vexatious obstruction of discovery with respect to … highly relevant records …."  *See Southern New England Telephone*, 624 F.3d at 148 (default sanction held appropriate upon finding that defendants acted willfully and in bad faith).  Defendant's apparent 'war of attrition' has resulted in an utter waste of judicial resources.  *See id*. (stating that if litigants are permitted to flout court orders, "the effect will be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the federal discovery rules") (*citations omitted*).  Further, "plaintiff has been unnecessarily forced to expend resources to obtain responses to her discovery requests and compliance with court orders."  *Overton v. Ameriquest Mortgage Co.*, 05-cv-4715, *9 (E.D.N.Y. 2006) (in examining the plaintiff's costs to force compliance by the defendant with discovery demands, the Court acknowledged that the reimbursement of costs is the "least severe of the sanctions provided under Rule 37"); *Id*. at 7, *citing Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp*., 602 F.2d 1062, 1066 (2nd Cir. 1979).

       **Relief Requested**

       Plaintiff respectfully requests that this Court impose sanctions upon Defendant pursuant to FRCP Rule 37 (a)(3)(A), Rule 37 (b)(2), Rule 37(c)(1) and Rule 37(d). Sanctions must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent."  *Penthouse Intern., Ltd. v. Playboy Enterprises*, 663 F.2d 371, 386 (2nd Cir. 1981), *quoting National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643 (1976).  Here, it is evident that NYU deliberately disobeyed this Court's January 18, 2011 Order to produce all outstanding documents previously withheld due to confidentiality.  *See id*. at 387 (action dismissed for party's deliberate disobedience of court order "to produce *in full all* of its financial statements for the relevant periods relating to gross income") (*emphasis in original*).  This was done for the purpose of preventing the plaintiff from getting at the defendant's records relevant to the damages she suffered by the defendant's infringement.  *See id*. at 391 (intent to prevent showing of damages revealed by party's withholding of financial records). The accompanying Declaration of Mona Conway and attached description of legal services details the reasonable fees and costs Conway Business Law Group, P.C. incurred in pursuing compliance by the defendant with its discovery obligations.  The total amount of $17,099.28 includes fees incurred in connection with the present application.  *See Upjohn Co. v. Medtron Labs*., 87-cv-5773, *2-3 (S.D.N.Y. 2005).

Respectfully submitted,
/s
Mona Conway

Cc.    Robert W. Clarida, Esq. (*via* ECF)