**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
ARIEL FLEURIMOND,

                              Plaintiff,

            - against -

NEW YORK UNIVERSITY,

                             Defendant.
----------------------------------------------------------X

**ORDER**

CV 09-3739 (ADS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Plaintiff's counsel moves to compel Defendants to produce documents and for sanctions against Defendants pursuant to Rule 37. *See* DE 54. Defendants filed opposition to the motion. *See* DE 57.[1] Having reviewed the parties submissions including attached exhibits, and having considered the applicable case law, I am GRANTING Plaintiff's motion in part and DENYING it in part.

**I.    BACKGROUND**

      Plaintiff Ariel Fleurimond ("Plaintiff" or "Fleurimond") brought this action against New York University ("Defendant" or "NYU") alleging copyright infringement. Plaintiff alleges that she is the sole creator and copyright owner of "Orion," a drawing of a cougar that the NYU Athletic Department has used on various items, including clothing and memorabilia, allegedly without Fleurimond's consent. NYU has argued that Plaintiff created the drawing as an employee of the Athletic Department and as such the cougar is a "work-for-hire."

---

[1]    Simultaneous to filing the opposition, Defendant's counsel filed a separate letter requesting that his opposition be permitted to exceed this Court's page limitation by eight lines of text. DE 56. As Plaintiff's counsel has not objected to this request, and as the request is reasonable given the breadth of Plaintiff's requests, the Court accepts Defendant's opposition as filed.

The initial deadline for completion of fact discovery in this case was set for September 17, 2010. *See* DE 24. Counsel for both parties appeared before me on January 18, 2011 for a status conference at which they raised outstanding discovery disputes. *See* DE 35. Despite the fact that those disputes were not raised with the Court in a timely manner, I extended the deadline for completion of fact discovery to February 11, 2011. *See* DE 36. On February 2, 2011, Plaintiff's counsel filed a motion seeking, *inter alia,* to compel production of documents from Defendant. *See* DE 38. I denied that motion, without prejudice, for failure to comply with Local Civil Rule 37.1. *See* DE 42. On February 28, 2011, Plaintiff filed the instant motion to compel and for sanctions.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) defines the appropriate scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action . . . All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." "Relevance" under Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir. 1989) (holding that "the broad scope of discovery delimited by the Federal Rules of Civil Procedure is designed to achieve disclosure of all the evidence relevant to the merits of a controversy"); *see also Barrett v. City of New York*, 237 F.R.D. 39, 40 (E.D.N.Y. 2006) (noting that the information sought "need not be admissible at trial to be discoverable"). This Court has held that the "right of litigants to discover and present relevant

2

evidence in civil litigations is given great weight in federal courts." *Apicella v. McNeil Labs.*, 66 F.R.D. 78, 82 (E.D.N.Y. 1975).

"The party seeking the discovery must make a prima facie showing, that the discovery sought is more than merely a fishing expedition." *Evans v. Calise,* No. 92-cv-8430, 1994 WL 185696 at *1 (S.D.N.Y. May 12, 1994); *United States v. International Bus. Mach. Corp.,* 66 F.R.D. 215, 218 (S.D.N.Y. 1974) (burden is on moving party to establish relevance). "Disclosure should not be directed simply to permit a fishing expedition." *United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974). It is incumbent upon Plaintiff here to provide the necessary linkage between the discovery sought and the claims brought and/or defenses asserted in the case.

Further, a federal district court may impose sanctions under Fed. R. Civ. P. 37(b) when a party fails to obey an order to provide discovery. *See West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). "Even in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002). Where the alleged misconduct is the non-production of relevant documents, district courts have broad discretion in fashioning an appropriate sanction. *See Creative Resources Group of New Jersey v. Creative Resources Group, Inc.*, 212 F.R.D. 94, 102 (E.D.N.Y. 2002). The Court has broad discretion in fashioning a sanction under Rule 37(b). *See Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, No. 10-cv-1762, 2011 WL 2490808, at *2 (E.D.N.Y. June 22, 2011).

## II. DISCUSSION

Plaintiff argues that Defendant: (i) failed to produce an appropriate 30(b)(6) witness; (ii) failed to produce all of Plaintiff's employment records; and (iii) failed to produce all responsive documents related to the NYU Athletic Department's revenues. Plaintiff further moves for an award of its attorney's fees and costs pursuant to Rule 37.

### A. Defendant's 30(b)(6) Witness

On January 24, 2011, Plaintiff served a notice of deposition pursuant to Federal Rule 30(b)(6) upon Defendant. *See* DE 55-2. The notice listed three general subjects on which the witness should be prepared to testify: "the creation of the subject Work that is the basis of the lawsuit, the Defendant's use of the subject Work, and the Defendant's defenses in this matter." *Id.* The 30(b)(6) deposition was held on February 10, 2011. Plaintiff alleges that the witness produced by Defendant was not able to testify as to the three noticed subjects, which Plaintiff alleges should be construed as a constructive non-appearance by Defendant.[2] DE 54 at 2. Plaintiff has not cited any case law supporting her proposition that the 30(b)(6) witness produced was inadequate or that the production of that witness should be construed as a non-appearance. Defendant argues that the witness produced had adequate knowledge about the noticed subjects. Defendant further argues that Plaintiff was notified in advance that the 30(b)(6) witness would

---

[2] Plaintiff also claims that the 30(b)(6) witness' testimony contradicts two affidavits that were subsequently filed by Defendant concerning Defendant's document production. However, Plaintiff's counsel does not specify how the affidavits and the deposition testimony conflict, nor does she cite any specific section of the deposition containing conflicting information. As such, it is impossible for the Court to evaluate this accusation.

4

have limited information on certain subjects, but that Defendant gave Plaintiff the names of other witnesses who would have knowledge, two of whom were deposed by Plaintiff. DE 57.

Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject. *See* Fed.R.Civ.P. 30(b)(6); *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available "such number of persons as will" be able "to give complete, knowledgeable and binding answers" on its behalf. *Securities & Exchange Comm'n v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y.1992) (internal quotations omitted). When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions, including the preclusion of evidence. *See* Fed.R.Civ.P. 37(d). However, "for the court to impose sanctions, the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete areas." *Crawford v. Franklin Credit Management Corp.*, 261 F.R.D. 34, 39 (S.D.N.Y. 2009) (internal quotations omitted).

Prior to the 30(b)(6) deposition, Defendants' counsel informed Plaintiff's counsel that Defendant's 30(b)(6) witness "has very little information about the creation of the work or NYU's defenses, because all of the NYU personnel most directly involved in those issues (Mr. LeFevre, Ms. Lewis, Ms. Isa) have since left the University." DE 57-2. As an initial matter, the fact the employees with the most personal knowledge of the case had left NYU's employ does not excuse Defendant from producing a 30(b)(6) witness who can answer questions on the noticed subjects. In such an instance, the duty is on Defendant to "prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other

sources." *Bank of New York v. Meridien Biao Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997).

Nevertheless, I do not find that the 30(b)(6) witness was unable to knowledgeably answer the questions posed to him. Plaintiff has attached excerpts of the 30(b)(6) deposition transcript. DE 55-3. The excerpts contain 35 pages of the transcript, which appears to be over 126 pages in its entirety. Defendant's counsel has attached an additional seven pages of the transcript that were not provided by Plaintiff. DE 57-3. The Court has reviewed the excerpts submitted, and it appears that Plaintiff's claim of inadequacy is based solely on the witnesses answers to two questions. When Plaintiff's counsel asked the witness if he was prepared to testify regarding (1) "the creation of the work which is the subject matter of this lawsuit" and (2) "NYU's defenses in this matter," the witness answered "no" to both questions. However, a review of the transcript excerpts shows that the witness went on to testify regarding the process through which the subject work was vetted by the NYU Athletic Department staff and regarding the details of Plaintiff's employment and payment by NYU. Plaintiff's counsel has not identified any specific type of information of which the witness had no knowledge or questions for which the witness was unable to provide a substantive answer.

Despite the fact that the witness stated he was not prepared to testify regarding the topics as read verbatim from the deposition notice, he went on to give detailed answers to the questions asked of him. Given the fact that Plaintiff has not cited any case law supporting her contention that the 30(b)(6) witness was inadequate and has not given any examples of specific information that the 30(b)(6) witness was unable to provide, I do not find that any potential inadequacy in the witness' preparation was so egregious as to warrant the imposition of sanctions. In addition,

there is no prejudice to Plaintiff here because Defendant's counsel identified the individuals who would have further relevant information and Plaintiff's counsel has, in fact, deposed two of them. As such, I am DENYING Plaintiff's motion for sanctions in relation to the Rule 30(b)(6) deposition.

### B. Plaintiff's Employment Records

In order to refute Defendant's work-for-hire defense, Plaintiff has requested her employment records from NYU that indicate "exactly how and what Plaintiff was paid to do as an employee." DE 54 at 2. Plaintiff argues that Defendant's document production in this regard was deficient in that Defendant only produced Plaintiff's W-2 form and has not produced her time sheets. Defendant responds that in addition to producing Plaintiff's W-2 form, Defendant has produced invoices submitted to NYU by Plaintiff as well as relevant print-outs from the payroll database. DE 57 at 2. In addition, Defendant has filed affidavits from the former Associate Director of the Athletic Department and the current Senior Associate Director of the Athletic Department, both of whom state that all relevant, responsive, non-duplicative documents concerning Plaintiff's employment status have been produced. *See* DE 51, DE 57-1.

Despite these affidavits, Plaintiff maintains that Defendant's document production is insufficient. The only documents Plaintiff specifically identifies as having not been produced are Plaintiff's "time sheets." In his deposition testimony, the 30(b)(6) witness stated that the NYU payroll department kept "time sheets" which "just have the rate of pay and from when to when for each pay period." DE 55-3 at 93. In addition, the witness stated that the time sheet may have limited information as to the scope of a person's employment. Specifically, the witness stated that "If you're appointed as an equipment room person, it would say 'equipment room,' the date,

the time in, time out." *Id.* While it is unclear how probative such time sheets may be in this case, in light of the testimony of Defendant's own 30(b)(6) witness, it does appear to the Court that they could be relevant to the claims and defenses at issue. As such, Defendant is directed to produce Plaintiff's time sheets kept by NYU payroll within two weeks of the date of this Order. If the Defendant contends that it does not have Plaintiff's time sheets for the relevant period, then Defendant is directed to provide an affidavit explaining (1) why that is the case; (2) what steps were undertaken (and by whom) to search for those records; (3) the results of the search; and (4) when such records were in the possession, custody, and control of the Defendant and at what point they were discarded, lost or destroyed.

    **C.**    **Athletic Department Revenues**

In order to support her damages claim, Plaintiff has requested documents concerning Defendant's revenues. It appears that Defendant has produced revenue information directly related to the sale and publication of the subject work. However, Plaintiff is now seeking information related to "non-merchandise revenues of NYU's Athletic Department." DE 54 at 2. Plaintiff argues that Defendant has "simply refused" to produce documents related to the non-merchandise revenues. Plaintiff's counsel does not identify the types of revenue she refers to as "non-merchandise revenue," but presumably, Plaintiff is seeking information regarding revenue related to ticket sales, concession sales, or merchandise not bearing the subject mark.

Courts have allowed the recovery of these types of "indirect profits" in copyright cases under certain circumstances. In such indirect profits cases, "the copyrighted work is not part of the product for sale that ultimately generates revenues, but rather is often used to promote the sale of a non-infringing product, such as by way of inclusion of the copyrighted work in an

8

advertisement for the product ultimately for sale." *Semerdjian v. McDougal Littell*, 641 F. Supp. 2d 233, 248 (S.D.N.Y. 2009). In other words, Plaintiff appears to imply, although she does not explicitly argue, that if NYU put up a poster for a sporting event bearing the subject mark, Plaintiff should be entitled to recover *all* profits received as a result of that sporting event. However, Courts will only allow the award of such indirect profits where the Plaintiff can show a "causal link between defendants' infringement and claimed revenues." *Mager v. Brand New School*, No. 03-cv-8552, 2004 U.S. Dist. LEXIS 21686, at *11 (S.D.N.Y. Oct. 28, 2004); *see also Granger v. Gill Abstract Corp.,* 566 F. Supp. 2d 323, 330 (S.D.N.Y. 2008) ("a plaintiff must show a 'causal link' between the infringement and the revenues"); *Zoll v. Ruder Finn, Inc.*, No. 02-cv-3652, 2004 WL 527056, at *2 (S.D.N.Y. Mar. 16, 2004) ("plaintiff must show a causal connection between the infringement and the defendant's profits") (internal quotations omitted). Plaintiff has not made any argument that there was a causal link between an alleged use of the subject mark and any general revenues of the Athletic Department such that the sought after discovery would be relevant to Plaintiff's claims. Nor has Plaintiff cited any case law on this issue.

Regardless, the Court does not need to decide the issue of whether there is a causal link in this case because the Court finds that Plaintiff did not request documents related to the Athletic Department's general revenue in her discovery demands. Plaintiff's discovery demands make a number of requests related to Defendant's profits. However, those requests seek information directly related to the subject mark, such as "profits that defendant made for the publication of Orion" and "gross revenues relating to the sale of publication [sic] of Orion." DE 54, Exhibit A. A reasonable reading of these requests does not include revenue generated by the department that

9

has no direct relation to the use of the subject mark. If Plaintiff intended for her discovery requests to encompass a broader universe of documents, she had ample time to meet and confer with Defendant and/or serve supplemental discovery requests within the appropriate timeframe. Given the fact that discovery is closed, having been previously extended, the Court will not re-open discovery so that the Plaintiff may seek heretofore unrequested documents.

### D. The "Branding Book"

Plaintiff moves to compel production of a "branding book" or "styles guide" used by the Athletic Department which contains various images, including the subject work. This publication was apparently discussed by multiple witnesses in their depositions, and was examined by Plaintiff's counsel during at least one of these depositions. Defendant's counsel states that he has personally offered to produce the book to Plaintiff's counsel, but that Plaintiff's counsel never requested its production. It seems somewhat odd to the Court that the book has not already been produced, and that Plaintiff's counsel would not have requested production of the book on the record at the deposition when she was first presented with this issue. However, because Defendant has no objection to its production, I am directing Defendant's counsel to produce a copy of the branding book to Plaintiff's counsel within two weeks of the date of this Order.

## II. CONCLUSION

For the reasons stated herein, Plaintiff's motion is GRANTED to the extent set forth above. Plaintiff's request for sanctions is DENIED.

A telephone conference is hereby set for August 24, 2011 at 2:30 p.m. to discuss the remaining expert and pre-trial deadlines in this case which were held in abeyance pending

decision on this motion. Plaintiff's counsel is directed to get all parties on the line and initiate the call to Chambers.

**SO ORDERED.**

Dated: Central Islip, New York
July 29, 2011

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge