# Cowan, Liebowitz & Latman, P.C.

Law Offices

1133 Avenue of the Americas • New York, NY 10036-6799

(212) 790-9200 • www.cll.com • Fax (212) 575-0671

**Robert W. Clarida**
Direct (212) 790-9266
rwc@cll.com

October 11, 2011

<u>By First Class Mail (Courtesy Copy) and ECF</u>

Judge Arthur D. Spatt
United States District Judge
P.O. Box 9014
Central Islip, New York 11722-9014

Re: Case No. 09 3739
<u>Fleurimond v. New York University</u>

Dear Judge Spatt:

I represent New York University ("NYU") in the above-captioned action. I write in response to the letter dated October 7, 2011 from Plaintiff's counsel (the "Letter"). In that Letter, Plaintiff's counsel asks this Court to reject NYU's Cross-Motion for Summary Judgment that was filed on October 3, 2011, or in the alternative to strike NYU's Rule 56.1 Statement of Undisputed Facts and NYU's Response to Plaintiff's Statement of Undisputed Facts. As a second alternative, Plaintiff requests that her date for filing and serving papers in response to NYU's Cross-Motion be extended until 21 days after the Court's ruling on the instant request.

There is no basis for any of Plaintiff's requests and the Court should deny them in their entirety. The Court held a pre-motion conference and discussed the parties' respective summary judgment motions on January 30, 2011. Shortly thereafter, on February 22, 2011, the Court issued a schedule for briefing. After several extensions were granted at Plaintiff's request on May 2 and August 30, 2011, Plaintiff submitted her summary judgment motion on September 12, 2011. Pursuant to the Court's schedule, as

Cowan, Liebowitz & Latman, P.C.

October 11, 2011
Page 2

amended, NYU timely submitted its response, and its cross-motion, with its required 56.1 statements and counterstatements, on October 3, 2011.

The only justification Plaintiff offers for striking NYU's Cross-Motion, or its statement and counter-statement of undisputed facts, is NYU's alleged noncompliance with this Court's Individual Rules concerning the scheduling of pre-motion conferences for summary judgment motions. As Plaintiff herself notes, however, the Court held its pre-motion conference and set a schedule, rendering moot any alleged procedural deficiencies in the pre-conference process.

Accordingly, Plaintiff's requested relief should be denied. Nor should Plaintiff's request for additional time be granted. Plaintiff has sought and obtained numerous unilateral extensions of the schedule for this summary judgment motion, the last of which was deemed "final extension!" (emphasis original) by this Court on August 30, 2011. NYU respectfully requests that Plaintiff's 10-day period for responding to NYU's opposition to her summary judgment motion, established in this Court's February 22, 2011 order, be maintained and that Plaintiff's Reply Memorandum, if any, be due not later than October 13, 2011.

NYU thanks the Court for the opportunity to respond to Plaintiff's October 7 letter.

Respectfully submitted,

Robert W. Clarida

cc: Mona R. Conway, Esq.
Conway Business Law Group
33 Walt Whitman Road
Huntington Station, New York 11746

27718/001/1270863.1