Mona R. Conway, Esq. (MC-4673)
CONWAY BUSINESS LAW GROUP, P.C.
*Attorneys for Plaintiff*
33 Walt Whitman Road
Suite 310
Huntington Station, N.Y. 11746
(631) 424-0999

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARIEL FLEURIMOND,

                    Plaintiff,                            CV 09-3739 (ADS) (AKT)

     -against-

NEW YORK UNIVERSITY,

                    Defendant.

------------------------------------------------------------------X

**PLAINTIFF' S MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

I.    DEFENDANT HAS FAILED TO DEMONSTRATE THAT A
MATERIAL ISSUE OF TRIABLE FACT EXISTS TO DISPUTE
PLAINTIFF'S OWNERSHIP OF THE SUBJECT COPYRIGHT ……..………..5

    A.    Defendant's Unsupported Assertion That Certain Evidence Is
Irrelevant Cannot Defeat Plaintiff's Motion For Summary Judgment ……. 5

    B.    Defendant's Unsupported Assertion That It Has Overcome The
Statutory Presumption of Plaintiff's Copyright Ownership Cannot
Defeat Plaintiff's Motion For Summary Judgment …………………….. 7

    C.    Defendant's Unsupported Assertion of a Work-For-Hire Defense
Cannot Defeat Plaintiff's Motion for Summary Judgment …………..…… 8

II.   THERE IS NO ISSUE OF TRIABLE FACT WITH RESPECT TO
DEFENDANT'S COPYING OF PLAINTIFF'S WORK ….………….…..……… 11

III.  CONCLUSION ……………………………………………………………… 12

# TABLE OF AUTHORITIES

<u>Federal Cases</u>

*Aymes v. Bonelli*, 980 F.2d 857 (2d Cir. 1992) ………………………………………… 9, 10

*Auscape Int'l v. Nat. Geographic Soc'y*, 409 F. Supp. 2d 235 (S.D.N.Y. 2004) ……. 5

*Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989) ……………….. 7, 8, 9, 10

*Cramer v. Crestar Fin. Corp.*, 38 U.S.P.Q.2d 1684 (4th Cir. 1995) ………………….. 6

*Durham Industries, Inc. v. Tomy Corp.*, 630 F. 2d 905 (2d Cir. 1980) ……………..... 7

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) ……………………. 11

*Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189 (2d Cir. 1985) ………….. 11

*Island Software & Computer v. Microsoft*, 413 F.3d 257 (2d Cir. 2005) ………….… 11

*Langman Fabrics v. Graff Californiawear, Inc.*, 160 F.3d 106 (2d Cir. 1998) ……… 7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ………….. 11

*Medforms, Inc. v. Healthcare Management*, 290 F.3d 98 (2d Cir. 2002) ……………. 8

*Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090 (2d Cir. 1977) …... 7

*Pavlica v. Behr*, 397 F. Supp.2d 519 (S.D.N.Y. 2005) ……………………………… 8

*Price v. Fox Entertainment Group, Inc.*, 473 F. Supp.2d 446 (S.D.N.Y. 2007) ……. 10

*Salamon v. Our Lady of Victory Hospital* 514 F.3d 217 (2d Cir. 2008) ……………. 10

*Samara Brothers, Inc. v. Wal-Mart Stores, Inc.*, 165 F.3d 120 (2d Cir. 1998) ……... 8

*Sapon v. DC Comics*, 2002 U.S. Dist. LEXIS 5395 (S.D.N.Y. 2002) …………...… 11

*Scotto v. Almenas*, 143 F.3d 105 (2d Cir. 1998) …………………………………… 8

*Shaul v. Cherry Valley-Springfield Central School Dist.*, 363 F.3d 177 (2d Cir. 2003) . 9

*SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F. Supp.2d 301 (S.D.N.Y. 2000) ……. 7, 9

*Valdez v. Laffey Assocs.*, 2010 U.S. Dist. LEXIS 30160 (E.D.N.Y. 2010) …………… 8

State Cases

*Martin Deli v. Schumacher*, 52 N.Y. 2d 105 (1981) …………………………….…     7

Plaintiff, Ariel Fleurimond submits this Memorandum of Law in Reply to Defendant New York University's Opposition to Plaintiff's Motion for Summary Judgment.  Plaintiff respectfully requests an Order granting summary judgment in Plaintiff's favor.

## I.   DEFENDANT HAS FAILED TO DEMONSTRATE THAT A MATERIAL ISSUE OF TRIABLE FACT EXISTS TO DISPUTE PLAINTIFF'S OWNERSHIP OF THE SUBJECT COPYRIGHT

Defendant New York University's (NYU) Memorandum of Law in Opposition to Plaintiff Ariel Fleurimond's Motion for Summary Judgment argues that issues of triable fact exist with respect to the ownership of the subject copyright Work.  The arguments presented by NYU in its Opposition are neither factually supported by evidence nor persuasively demonstrated by legal precedent.

### A.   Defendant's Unsupported Assertion That Certain Evidence Is Irrelevant Cannot Defeat Plaintiff's Motion For Summary Judgment

NYU first argues that an issue of fact exists with respect to the ownership of the subject copyrighted work because certain evidence, which may or may not support Plaintiff's claim of ownership, is "irrelevant."  *See* Def's Opp. Mem., p 8 (DE 74).  Without citing to legal authority on its point, NYU insists that invoice documentation, the so-called "napkin sketch" and an oral agreement between the parties are legally irrelevant items of evidence.  *See* Def's Opp. Mem., pp 8-11.

Defendant attempts to prove irrelevant the fact that Plaintiff did not submit invoices for the time she spent in creating the subject Work.  Defendant reasons that because Plaintiff did not alert NYU to the fact that the invoices she submitted for her graphic design work did not include the time she spent in creating the subject Work, Plaintiff's testimony that she did not submit

5

invoices for the subject Work is, therefore, irrelevant.  This reasoning is not only specious, but such "legal analysis" is not supported by law.

It is undisputed that Fleurimond submitted invoices to NYU for her work as a graphic designer.  This was clearly understood by the parties and there is no dispute with respect to this fact or the fact that Fleurimond was compensated for graphic design work.  The relevant issue, and the only issue which Defendant raises, is whether or not Fleurimond submitted invoices for her time in creating the subject Work.  NYU claims that Fleurimond was paid for the subject Work upon submission of invoices.  *See, e.g.,* Def's Opp. Mem., p 14 ("… plaintiff submitted her hours to NYU and was paid for this work … at a rate of $16.00 per hour … for the bobcat project"); *see also* Def's Opp. Mem., p 19 ("Plaintiff clearly got paid for her work on the so-called Orion bobcat project from the beginning, and in fact she herself prepared and issued time sheets to NYU …").

However, Defendant does not offer a scintilla of evidence to support this assertion; there is no indication whatsoever that Fleurimond submitted any records of her time to NYU in creating the subject Work.  Moreover, the only authority cited by Defendant to rationalize Defendant's conclusion of irrelevance was addressed to intent in a contract context and not at all applicable to this issue.  *See Auscape Int'l v. Nat. Geographic Soc'y*, 409 F. Supp. 2d 235, 240 (S.D.N.Y. 2004).

Defendant's "napkin sketch" and "oral agreement" arguments (*see* Def's Opp. Mem., pp 9-11), raised in an attempt to defeat Plaintiff's Motion for Summary Judgment are misplaced.  The Work at issue is undisputed; it is the Work that Plaintiff registered with the Copyright Office in May of 2008 and which has been used by NYU since that time.  Defendant's sole case citation in support of this non-argument (*Cramer v. Crestar Fin. Corp.*, 38 U.S.P.Q.2d 1684 [4[th] Cir.

1995]) is both non-authoritative and moot.  Further, Defendant's attempt to convolute the work-for-hire argument with an issue of the relevance of evidence should not be entertained by this Court.  Defendant's sole authority on this point is, once again, inapposite and non-authoritative. *See Martin Deli v. Schumacher*, 52 NY 2d 105 (1981) (landlord/tenant dispute of lease terms).

> ### B.    Defendant's Unsupported Assertion That It Has Overcome The Statutory Presumption of Plaintiff's Copyright Ownership Cannot Defeat Plaintiff's Motion For Summary Judgment

NYU argues that it has overcome the statutory presumption of the validity of Plaintiff's copyright registration by sufficient evidence (*see* Def's Opp. Mem., pp 12-14).  *See SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F. Supp.2d 301, 305 (S.D.N.Y. 2000), *citing Langman Fabrics v. Graff Californiawear, Inc.,* 160 F.3d 106, 111 (2d Cir. 1998) (noting that the statutory presumption orders the burden of proof and is rebuttable).  Without making a cogent argument or citing to precedent on point, Defendant makes its unsupported "work-for-hire" argument (*see* Discussion *supra*) to defeat the statutory presumption of Plaintiff's copyright ownership.  (*See* Def's Opp. Mem., pp 12-14).

Fleurimond registered the Work with the Copyright Office in May of 2008.  *See* Fleurimond Dec., ¶ 41.  Fleurimond's Certificate of Registration constitutes *prima facie* evidence of her ownership of the Work (*see* Fleurimond Dec., ¶ 41).  *See Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 908 (2d Cir. 1980) (stating that Copyright Office certificate of registration "if timely obtained, constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate."); *see also Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1092 n.1 (2d Cir. 1977) (stating that certificate of registration is prima facie proof of ownership and validity of copyright).

NYU has submitted no proof to rebut the presumption of Fleurimond's ownership. *See Samara Brothers, Inc. v. Wal-Mart Stores, Inc.*, 165 F.3d 120, 132 (2d Cir. 1998) (presumption of validity of plaintiff's copyright registration was not overcome by defendants, as no proof was adduced to challenge the fact that the Work was "independently created by its author"); *see also Valdez v. Laffey Assocs.*, 2010 U.S. Dist. LEXIS 30160, *10 (E.D.N.Y. 2010) (finding that plaintiff had proven ownership of a valid copyright on summary judgment, as defendants presented no evidence contesting the validity of plaintiff's copyright registration); *see also Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (stating that the non-moving party on a motion for summary judgment "may not rely on conclusory allegations or unsubstantiated speculation").

## C.   Defendant's Unsupported Assertion of a Work-For-Hire Defense Cannot Defeat Plaintiff's Motion for Summary Judgment

NYU's final argument in opposition to Plaintiff's Motion for Summary Judgment suggests that an issue of fact remains with respect to NYU's work-for-hire defense. (*See* Def's Opp. Mem., pp 15-23). However, NYU simply cannot prove this proposition and, therefore, cannot rebut Plaintiff's claim of ownership of the subject Work. *See Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 738 (1989); *see also e.g., Medforms, Inc. v. Healthcare Management*, 290 F.3d 98, 115 (2d Cir. 2002) (categorizing "work-for-hire" doctrine as affirmative defense). Accordingly, NYU has failed to defeat Plaintiff's Motion for Summary Judgment.

Critically, NYU cannot show that the Work was created within the scope of Fleurimond's employment at NYU. *See Pavlica v. Behr*, 397 F. Supp.2d 519, 525 (S.D.N.Y. 2005) (stating, in a "work-for-hire" context, "the work created by an employee must fall within the scope of his

employment") *citing Shaul v. Cherry Valley-Springfield Central School Dist.*, 363 F.3d 177, 186 (2d Cir. 2003).

NYU has failed to proffer any evidence to rebut Plaintiff's demonstration that she was an independent contractor and not an employee of NYU when she created the subject Work. *See Reid*, 490 U.S. at 731 (holding that a determination by the Court of whether a work is a "work made for hire" within the definition of the copyright statute should be made by first apply general common law of agency). Application of the thirteen, non-exhaustive factors promulgated by *Reid* supports Fleurimond's position that the Work was not one made-for-hire. *See Reid*, 490 U.S. at 751-52. The *Reid* factors to be considered in a "work-for-hire" analysis clearly weigh in Fleurimond's favor. NYU cannot establish that these factors constitute an employer/employee relationship with respect to the Work.

Five of the thirteen Reid factors in a work-for-hire analysis are considered almost always relevant by the Second Circuit: (1) the hiring party's right to control the manner and means of creation; (2) the skill required; (3) the provision of employee benefits; (4) the tax treatment of the hired party; and (5) whether the hiring party has the right to assign additional projects to the hired party. *Aymes v. Bonelli*, 980 F.2d 857, 861 (2d Cir. 1992). Despite the significance of this analysis, NYU's Opposition nearly completely ignores these factors in its arguments by failing to offer any factual support for its conclusions.

NYU's Opposition barely addresses the remaining eight *Reid* factors (*see Reid*, 490 U.S. at 751-52). NYU presented no evidence that suggests that the source of the instrumentalities and tools used to create the subject Work were provided by NYU. *See Reid*, 490 U.S. at 751. While "the duration of the relationship between the parties also informs the analysis" (*SHL Imaging*,

*Inc.*, 117 F. Supp.2d at 314), the fact that Fleurimond had only been employed by NYU from 2007 to 2008 is not disputed by NYU.

Whether the Work is part of the regular business of NYU (*see Reid*, 490 U.S. at 752) is another factor which decidedly weighs in favor of Fleurimond.  *See Aymes*, 980 F.2d at 863 ("the purpose of this factor is to determine whether the hired party is performing tasks that directly relate to the objective of the hiring party's business").  In its Opposition, NYU does not claim that it is a regular part of NYU's business to create such work.

Finally, and perhaps most importantly, the method of payment by NYU to Fleurimond for creation of the Work (*see Reid*, 490 U.S. at 751) is clear: there was no payment.  *See Salamon v. Our Lady of Victory Hospital* 514 F.3d 217, n. 10 (2d Cir. 2008) (stating that prior to conducting Reid analysis, precedent suggests that the Court find that plaintiff had received some form of remuneration in exchange for work sufficient to call them the "hired party").  Fleurimond's undisputed testimony is that she was never paid for the Work that she created.  *See Price v. Fox Entertainment Group, Inc.*, 473 F. Supp.2d 446, 451 (S.D.N.Y. 2007) (no work-for-hire status; artist not compensated).

While NYU continues to assert that Fleurimond was paid $16 per hour for creation of the Work (*see* Def's Opp. Mem., p 19), NYU has submitted no evidence to support this fact.  In an obvious attempt to confuse the Court, NYU's Opposition reiterates the mere fact that Fleurimond was an employee of NYU during the time she created the Work.  This fact has never been a source of dispute.  NYU attempts to muddy the distinction between Fleurimond's work for NYU as a computer graphic designer (for which work she was compensated) and her creation of the original Work as an artist.  *See* Def. Opp. Mem., pp 19-22, Docket # 12, pp. 11-12; Docket #6, ¶¶ 19, 21, 29.

Fleurimond, like the artist/respondent in *Reid*, was engaged in a skilled occupation; supplied her own tools; worked at home without supervision from Defendant; was retained for a relatively short period of time; and had absolute freedom to decide when and how long to work in order to meet her deadline. *See* 490 U.S. at 752-53. Plaintiff was not an employee of NYU for the purpose of creating the subject Work. *See Id.* at 752 (holding that respondent was not an employee of petitioner after applying a non-exhaustive list of factors to determine whether a hired person is an employee).

Since NYU's evidence to support its defense is either non-existent or so slight that no rational finder of fact could find in its favor, summary judgment should be granted to Fleurimond. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (stating, "[w]hen the moving party has carried its burden under Rule 56[c], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

## II.   THERE IS NO ISSUE OF TRIABLE FACT WITH RESPECT TO DEFENDANT'S COPYING OF PLAINTIFF'S WORK

Although NYU's Opposition does not address the issue, NYU does not dispute that it copied the subject Work. Defendant has admitted to intentionally copying Fleurimond's Work (*see* Docket #6, ¶ 10). *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (holding that in order to establish a copyright infringement claim, the plaintiff must prove ownership of a valid copyright, and copying of the work); *see also Island Software & Computer v. Microsoft*, 413 F.3d 257, 260 (2d Cir. 2005) (affirming district court's grant of summary judgment on copyright claim). Therefore, the issue of copying has been proved. *See Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir. 1985) (since defendant admitted to unauthorized copying, the only issue before the Court was whether plaintiff's copyrights were valid); *see also Sapon v. DC Comics*, 2002 U.S. Dist. LEXIS 5395, *11-12 (S.D.N.Y. 2002)

11

(finding that defendant did not and could not deny access to plaintiff's work, raising presumption of copying).

## III. CONCLUSION

Based on the foregoing, the Court should issue an Order (i) granting summary judgment in favor of Fleurimond as to Defendant's liability; (ii) granting Plaintiff an opportunity to make an application for a judgment on damages after the close of expert discovery; and (iii) for such other and further relief as this Court deems just and proper.

Dated: Huntington, New York
        November 21, 2011

                                CONWAY BUSINESS LAW GROUP, P.C.

                                *By:* Mona R. Conway (MC-4673)


                                33 Walt Whitman Road
                                Suite 310
                                Huntington Station, N.Y. 11746
                                (631) 424-0999
                                (631) 824-9116 (fax)
                                mrconway@optonline.net
                                mconway@conwaybusinesslaw.com

                                *Counsel for Plaintiff Ariel Fleurimond*

TO:

        Robert W. Clarida, Esquire
        Cowan, Liebowitz & Latman, P.C.
        1133 Avenue of the Americas
        New York, NY 10036
        *Counsel for Defendant New York University*